IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

JAMES SMITH,

Plaintiff,

v. CASE NO.

21ST CENTURY CENTENNIAL
INSURANCE COMPANY, a foreign profit corporation,

Defendant.
_______________________________________/

## COMPLAINT

COMES NOW, the Plaintiff, JAMES SMITH, by and through undersigned counsel, and hereby sues the Defendant, 21ST CENTURY CENTENNIAL INSURANCE COMPANY (hereinafter referred to as "21ST CENTURY"), and alleges:

## COUNT I
## UNINSURED MOTORIST BENEFITS

1. This is an action for damages that exceed Fifteen Thousand ($15,000.00) Dollars, exclusive of costs and interest.

2. The Sixth Judicial Circuit Court has personal jurisdiction over Defendant, 21ST CENTURY, pursuant to Florida Statutes, §48.193, because said company contracted to insure persons, property, and/or risks located within the state of Florida at the time of contracting, and because said company operated, conducted, engaged in, or carried on a business or business venture within the state of Florida.

3. Plaintiff, JAMES SMITH, is now, and was at the time of the incident, a resident of Pinellas County, Florida.

4. Defendant, 21ST CENTURY, is now, and was at the time of the incident, a foreign corporation licensed to, and doing business within, the state of Florida.

5. On or about July 30, 2013, Maria Guy operated a 2002 Daewoo motor vehicle traveling southbound on South Fort Harrison Avenue, at or near the intersection of Chestnut Street, in Pinellas County, Florida.

6. On or about July 30, 2013, Plaintiff, JAMES SMITH, was a restrained passenger in a 2005 Nissan motor vehicle.

7. At the same time and place, Maria Guy did so negligently operate, control, and/or maintain the motor vehicle that she was driving to cause it to collide with Plaintiff's vehicle.

8. As a result of the collision caused by the negligent operation of the 2002 Daewoo motor vehicle, Maria Guy caused Plaintiff, JAMES SMITH, to suffer serious and permanent injury.

9. As a result, Plaintiff, JAMES SMITH, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care, and treatment, loss of earnings, loss of ability to earn money and aggravation of a pre-existing condition. The losses are permanent and continuing and Plaintiff will suffer the losses in the future.

10. At all times material hereto, Maria Guy failed to carry adequate bodily injury insurance to compensate Plaintiff, JAMES SMITH, for his injuries.

11. At all times material hereto, there was in full force and effect a policy of automobile liability insurance, Policy Number 0021220111, containing uninsured/underinsured motorists coverage, issued and delivered by Defendant, 21ST CENTURY CENTENNIAL INSURANCE COMPANY, in Pinellas County, Florida to cover Plaintiff, JAMES SMITH'S,

injuries and damages described hereinabove while involved in a motor vehicle collision. The proceeds of the policy issued by Defendant, 21ST CENTURY CENTENNIAL INSURANCE COMPANY, insure to the benefit of Plaintiff, JAMES SMITH, as "insured" under said policy. A true and correct copy of the Policy Declarations is attached hereto as Exhibit "A". Plaintiff is not in possession of a complete copy of said policy. However, Defendant possesses a complete copy of said policy, and is well aware if its contents.

12. Coverage for the damages suffered by the Plaintiff in the subject accident was available to the Plaintiff under the 21ST CENTURY CENTENNIAL INSURANCE COMPANY policy, since the Plaintiff was occupying a vehicle covered under the policy and since he was injured as a result of the negligence of an underinsured/uninsured motorist.

13. Notice of the subject accident was promptly furnished by the Plaintiff to the Defendant, and the Plaintiff has complied with all conditions precedent prior to the institutions of this action or the same have otherwise already occurred.

WHEREFORE, the Plaintiff, JAMES SMITH, demands judgment against the Defendant, 21ST CENTURY CENTENNIAL INSURANCE COMPANY, for all damages provided by law, and further demand trial by jury.

**COUNT II**
**INSURANCE BAD FAITH**

14. Plaintiff, JAMES SMITH, adopts and realleges all prior material paragraphs as if fully set forth herein.

15. Upon issuance or renewal of said insurance policy to the Plaintiff, Defendant became obligated to comply with the duties prescribed in Section 624.155 and Section 626.9541, Florida Statutes.

16. Plaintiff has performed all conditions precedent to the bringing of this action pursuant to Section 624.155, Florida Statutes, by providing written notice of the Defendant's violations pursuant to a Civil Remedy Notice of Insurer Violation sent to the State of Florida, Department of Insurance and to the Defendant. A copy of said Civil Remedy Notice dated May 16, 2014 and Notice Letter dated May 16, 2014 are attached hereto and marked as Exhibits "B" and 21ST CENTURY CENTENNIAL INSURANCE COMPANY'S response is attached as Exhibit "C".

17. Upon the issuance or renewal of the policy and pursuant to Section 624.155, the Defendant had a continuing duty to act fairly and honestly toward its insured, JAMES SMITH, and to attempt to settle the claim of the Plaintiff when under all circumstances it could and should have done so, had it acted fairly and honestly toward Plaintiff and with due regard for Plaintiff's interest.

18. At all times material, Defendant knew that its $100,000.00 policy limits were inadequate to compensate Plaintiff for the serious and permanent injuries he sustained in the July 30, 2013 accident.

19. Defendant has breached its continuing duties under Section 624.155 by not attempting in good faith to settle Plaintiff's claim when under all the circumstances it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her interest. The Defendant breached its duties of good faith by, including but not limited to, the following acts and omissions.

a. Improper handling of the claim;

b. Refusing to settle the claim in a timely manner;

c. Failing to tender the policy limits in a timely manner, especially in light of the serious and permanent injuries suffered by the Plaintiffs, the value of which are clearly in excess of the policy limits; and

d. Failing to promptly settle Plaintiff's claim when the obligation to settle the claim had become reasonably clear.

20. Defendant also failed to cure the violations under Section 624.155 by failing to pay all the damages owed within sixty (60) days of the Civil Remedy Notice Letter and by failing to otherwise correct the circumstances giving rise to the violation.

21. All of the continuing acts of bad faith by the Defendant caused the Plaintiff damages, including but not limited to, economic losses, interest on the unpaid insurance benefits, costs of the underlying action and of this action and attorney's fees for the underlying action and for this action.

22. Pursuant to Sections 627.727(10) and 624.155 Florida Statutes, in this action Plaintiff, JAMES SMITH, is entitled to recover the full amount of his damages caused by the negligence of the uninsured/underinsured tortfeasor, including damages in excess of the $100,000.00 uninsured/underinsured policy limits.

23. The above-mentioned acts of the Defendant required Plaintiff to retain the Law Offices of Lucas, Green & Magazine to represent him in this action, and Plaintiff has agreed to pay them attorney's fees for their services in this action and has agreed to reimburse them for costs advanced in the prosecution of this action.

24. Plaintiff seeks to recover his attorney's fees against Defendant pursuant to the provisions of Sections 624.155 and 627.428 Florida Statutes.

WHEREFORE, Plaintiff, JAMES SMITH, demands judgment, damages and costs against the Defendant, 21ST CENTURY CENTENNIAL INSURANCE COMPANY, and for the total amount of her compensatory damages, consequential damages, attorney's fees and costs of this action and interest on the unpaid benefits and on any judgment in this action and further demands trial by jury on all issues so triable.

**COUNT III**
**DECLARATORY JUDGMENT TO DETERMINE LIABILITY AND TOTAL AMOUNT OF DAMAGES**

25. Plaintiff incorporates paragraphs 2 through 13 as if fully set forth herein.

26. This is an action for declaratory relief pursuant to §§ 86.011 – 86.111 et seq., Florida Statutes (2012), within the jurisdictional limits of this Court.

27. Plaintiff, JAMES SMITH, is in doubt about the apportionment of liability, if any, and the total amount of her damages as a result of the Crash.

28. Plaintiff's statutory right to prosecute the claim for bad faith pursuant to section 624.155, Florida Statutes, is dependent, in part, upon the determination of liability and total damages as a result of the Crash.

29. There exists a bona fide, actual, present practical need for a determination of liability for the Crash and the total amount of damages suffered by Plaintiff as the result of the Crash.

30. A good deal of discovery has been done on the issues of liability and damages in the UM case and those efforts will be wasted unless a final, appealable judgment is entered conclusively determining liability and the total amount of damages suffered by Plaintiff as a result of the collision of that date.

31. Under GEICO General Insurance Co. v. Bottini, 93 So. 3d 476 (Fla. 2d DCA 2012) and King v. Government Employees Insurance Co., No. 8:10-cv-977-T-30AEP, 2012 WL 4052271, (M.D. Fla. Sept. 13, 2012), the amount of any verdict for UM benefits rendered in excess of the UM policy limit is not appealable and may not be binding in a subsequent bad faith action.

32. A declaratory judgment will provide Defendant, 21ST CENTURY CENTENNIAL INSURANCE COMPANY, with a final judgment on liability and damages and the opportunity to appeal the amount of the total damages in excess of the policy limit.

WHEREFORE, Plaintiff, JAMES SMITH, requests that this Honorable Court accept jurisdiction and enter a declaratory judgment finding and determining liability and the total amount of damages suffered by Plaintiff as a result of the Crash, including pre- and post-judgment interest, attorneys' fees pursuant to sections 624.155 and 627.727(10), Florida Statutes, costs, and any other relief this Court deems proper, and further demands a trial by jury on all issues so triable.

**DEMAND FOR JURY TRIAL**

Plaintiff, JAMES SMITH, demands trial by jury on all issues triable as a matter of right.

JAMES L. MAGAZINE, ESQUIRE
Florida Bar No. 0847232
**The Law Office of Lucas, Green & Magazine**
8606 Government Drive
New Port Richey, Florida 34654
(727) 849-5353 [Tel]
(727) 845-7949 [Fax]
Email: lgmlaw@lgmlawgroup.com
Attorneys for Plaintiff