UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES SMITH,

    Plaintiff,

v.                                                                                  CASE NO: 8:14-v-2531-T-26TBM

21ST CENTURY CENTENNIAL
INSURANCE COMPANY,

    Defendant.
_____/

**O R D E R**

    Before the Court is Defendant's Motion to Dismiss and Notice of Supplemental Authority (Dkts. 4 & 7), and Plaintiff's Response with attachments. (Dkt. 10). After careful consideration of the allegations of the Complaint (Dkt. 2), the argument of the parties, and the applicable law, the Court concludes that the motion should be granted in part and denied in part.

    This is a removed action arising from an automobile accident involving two automobiles, one in which Plaintiff was a passenger, and the car covered by an insurance policy issued by Defendant, and the other driven by an underinsured motorist. In a three-count complaint, Plaintiff seeks damages of $100,000 in underinsured-motorist coverage for his permanent injuries caused by the underinsured driver (Count I), damages based on statutory first-party bad faith in the settlement of the claim (Count II), and a declaratory

judgment of liability for the collision and the total amount of Plaintiff's damages (Count III). Defendant requests that Counts II and III be dismissed.

With respect to Count II, both parties seem to agree that the underlying claim must be resolved in the insured's favor before a bad faith action may be brought against the insurer. The issue is whether an unripe bad faith claim should be abated or dismissed with prejudice. See Gianassi v. State Farm Mut. Auto. Ins. Co., No. 6:14-cv-1078-Orl-31TBS, 2014 WL 4999443 (M.D. Fla. Oct. 7, 2014) (abating bad faith claim after concluding that Florida trial courts have option of either abating or dismissing); Leuty v. State Farm Mut. Auto. Ins. Co., 8:13-cv-3038-T-35MAP (unpublished order) (abating bad faith claim pending resolution of underlying claim). In keeping with other district judges in the Middle District and in keeping with its own practice, this Court will abate Count II rather than dismiss the action. See Park Place Condo. Ass'n of Tampa, Inc. v. State Farm Fire & Cas. Co., No. 8:11-cv-884-T-26TGW, 2011 WL 2470105 (M.D. Fla. May 13, 2011); The Oaks Unit III Condo. Ass'n, Inc. v. Allstate Ins. Co., 8:10-cv-309-T-26TBM, 2010 WL 4542899 (M.D. Fla. Nov. 10, 2010); Demott v. Liberty Mut. Fire Ins. Co., No. 8:08-cv-857-T-26EAJ, 2008 WL 2359923 (M.D. Fla. Jun. 5, 2008).

Count III for declaratory relief must be dismissed because there is no actual controversy prior to the determination of the damages suffered in the underlying contract claim and, additionally, Plaintiff requests a declaration of his rights under the legal system to a particular amount of damages in his unripe bad faith claim, as opposed to any

declaration of his rights with respect to Defendant.  The Declaratory Judgment Act does not permit a present attempt to quantify an amount of damages for a future bad faith claim because such a declaration does not resolve the entire controversy of whether bad faith occurred.  In so ruling, this Court aligns itself with the reasoning set forth in Gianassi.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Defendant' Motion to Dismiss (Dkt. 4) is **GRANTED IN PART and DENIED IN PART**.  The motion is granted in part as to Count II and granted as to Count III.  The motion is denied in all other respects.

(2) Count II is **abated** pending resolution of Count I of Plaintiff's Complaint.

(3) Count III is hereby **dismissed** with prejudice.

(4) Defendant shall have fourteen (14) days from the date of this order to file its answer and defenses to Count I.

**DONE AND ORDERED** at Tampa, Florida, on October 29, 2014.


s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record